# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Marianne Dugan <br>                      Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust <br>                      Movant <br> vs. | NO. 16-17625 ELF |
| Marianne Dugan <br>                      Debtor | 11 U.S.C. Sections 362 and 1301 |
| Jeffrey Dugan <br>                      Co-Debtor | |
| William C. Miller Esq. <br>                      Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$8,869.55**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2018 to January 1, 2019 at $1,279.11/month |
| Suspense Balance: | $1,115.22 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$8,869.55** |

2. The Debtors shall cure said arrearages in the following manner;

a). Beginning on February 1, 2019 and continuing through July 1, 2019, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **1,279.11** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month plus an installment payment of **$1,478.26 from February 2019 to June 2019 and $1.478.25 for July 2019** towards the arrearages on or before the last day of each month at the address below;

Fay Servicing, LLC<br>
3000 Kellway Dr. Ste 150<br>
Carrollton, TX 75006

b). Maintenance of current monthly mortgage payments to the Movant thereafter

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 11, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/17/19

Brad J. Sadek, Esquire
Attorney for Debtors

hDate: 1/18/19

William C. Miller, Esquire
Attorney for Debtor

NO OBJECTION
*without prejudice to any trustee rights or remedies.

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank

FAY SERVICING, LLC
393 W. North Avenue
Suite 680
Chicago, IL 60642